(127 So. 248)

### GRAVELY v. PHILLIPS et al.

7 Div. 630.

Court of Appeals of Alabama.
March 18, 1930.

Chas. J. Scott, of Ft. Payne, for appellant.

Haralson & Son, of Ft. Payne, for appellees.

SAMFORD, J.

The plaintiff brought his suit claiming on a promissory note executed by defendants and payable to C. E. Pledger and by Pledger transferred to plaintiff before maturity for a valuable consideration. J. M. Scott, as next friend and guardian for Pluma Scott and others, files an intervention under section 9485 of the Code of 1923, in words and figures as follows:

"Pluma Elmore Scott, et als. v. J. M. Gravely, et als.

"Comes the Intervenors by their next friend and Guardian, J. M. Scott and by leave of the Court first had and obtained, files this their complaint against J. M. Gravely, J. L. Phillips and J. H. Phillips by intervention in a cause pending in said Court, wherein J. M. Gravely is Plaintiff and J. L. Phillips, and J. H. Phillips are defendants, and claims of the said Plaintiff and Defendants the sum of One Hundred Fifty Dollars with interest for the use, occupation and rent by them of the following tract of land, to-wit: The SW¼ of the SW¼ and the SE part of the NW¼ of the SW¼ and the NW part of the SE¼ of the S.W.¼ of Sec., 3-Tp. 4-R. 9. #. containing 46 acres, more or less, in DeKalb County, Alabama, belonging to the plaintiffs, said use occupation and rent for said land being from the

1st day of Jan., 1927 to the 31st day of Dec., 1927. Plaintiff further avers that they are the minor children of W. A. Scott, deceased, who died several years ago, that the lands described above were owned by W. A. Scott at the time of his death, that plaintiffs are the only heirs at law of said W. A. Scott, and that they are now, and were during the year 1927, the owners of said land, and are entitled to the rent of same for said year. That the rent for the lands described above for the year 1927, has been by the defendants paid into this Court in the suit now pending between the parties as named above, and plaintiffs by their next friend and guardian, file this their complaint by intervention as is provided by Section 9485 of the Code of Alabama. And the intervenors allege the note sued on in this case was given for the rents claimed by intervenors."

Defendants filed a plea admitting the execution of the note and the debt evidenced thereby, alleging that the consideration was the rent of the land described in the complaint of interveners and paid into court the entire amount, interest, cost, and attorney's fees, subject to the orders of the court. Plaintiff demurred to the complaint or petition of interveners, assigning the following grounds:

"1. That the present suit is based on a waiver note and for a sum certain and payable at a time certain and to a specified person, and is subject to the law merchant, and is not a suit for rent; and it does not appear from the petition for intervention, why this plaintiff should lose his debt so evidence[d] because the makers of the note did not pay rents for the year 1927.

"2. Said petition for intervention attempts to set forth facts showing that the intervenors are entitled to rents on certain land for the year 1927, and say that the land formerly belonged to W. A. Scott, who was deceased prior to 1927, but said allegation is insufficient to show the right claimed in that it is not alleged whether the lands mentioned were the homestead of said Scott, whether there is an administration on his estate, whether there survived him a widow nor whether homestead exemptions and dower has been allotted to said widow and the intervenors.

"3. It does not appear from the facts stated, and a set of facts is stated, that the intervenors are entitled to the rents from the land described for the year 1927, because it is not shown whether W. A. Scott left surviving him a widow, and, if so, whether she is living or dead, and, if dead, when she died. Neither is it shown whether her quarantine rights under Section 7437 of the Code of Alabama extended to the land described so as to entitle her to the rents rising therefrom.

"4. Said petition attempts to set forth the facts upon which the claim is based but does not set forth sufficient facts to show rights of recovery."

All parties were before the court. The right of intervention, as provided by section 9485 of the Code of 1923, is cumulative to the right at common law. Rocca v. Thompson, 223 U. S. 317, 32 S. Ct. 207, 56 L. Ed. 453. The remedy seems to have come to us from the civil law, and with us is purely statutory, designed to enable courts of law to settle all questions regarding a particular fund or controversy and to render judgments accordingly, binding on all parties alike. 31 Cyc. 512. The petition for intervention must by proper averments show interest of the applicant in the pending litigation and should contain facts sufficient to show that the intervener is entitled to the relief sought. 31 Cyc. 521. Failing in the above the complaint or petition may be subject to appropriate demurrer, but where the pleadings in the case meet the requirement of the above and the entire controversy is clearly in issue, technical pleading will not be required. Under the statute the Scott heirs, through their guardian, have a clear right of intervention. It appears from the plea of defendants, that the note sued on was given for the rent of land for the year 1927. The complaint of intervention claims for the use and occupation of certain lands of which they were the owners for the year 1927 and alleging the rent for said lands had been paid into court in answer to plaintiff's suit. If, therefore, the interveners did own the lands described during the period of occupation by defendants, and this use and occupation furnished the consideration for the note sued on, the interveners would be entitled to a judgment, subjected, however, to the rights of the plaintiff as a holder of the note sued on in due course and for value. None of the grounds of demurrer filed to the intervention petition are well taken.

In actions of this character the intervener becomes the plaintiff as against the other parties to the suit. 31 Cyc. 522 (c). This being the case, the plaintiff must set up by replication any rights which he may have to the fund. This the plaintiff has done by a general denial and by replication claiming to be the holder of the note sued on as an innocent purchaser for value, before maturity and without notice. This was one of the issues submitted on the facts. If, therefore, the plaintiff is the holder of the note given by the defendants as an innocent purchaser, for value and before maturity, the plaintiff would be entitled to recover, although the defendants would still be liable for the use and occupation of the land. The interveners here claim no interest in the note sued on. They repudiate the right of Pledger to rent the land. The evidence shows without dispute that the plaintiff is the holder of the note sued on as an innocent purchaser for value and before maturity. He is, therefore, entitled to recover as against the defendants on the note. On the other hand, the evidence, without dispute, dis-

closes that the interveners are entitled to a recovery for use and occupation of their land for 1927 as against the defendants Phillips, and, if the plaintiff had taken a transfer of the note with notice of its infirmities as to consideration, the equities would demand an award of the proceeds of the note to the interveners.

But, under the facts, the plaintiff had no such notice, and his rights as an innocent holder of the note must be protected. We are familiar with the principles announced in Davis v. Douglass, 12 Ala. App. 581, 68 So. 528. The facts here present a different case from that. There, there appeared to be two contracts, one with the landlord and one with her son, and it was there held that it was not the office of an interpleader to protect against a double liability, but vexation with respect to one liability. Here, Pledger, the step-father, assuming to act for the parties entitled to the possession of the land, rented same and took the rent note in his own name. With knowledge of the facts, the interveners may ratify his act and claim the amount due under the note. This they could do as long as Pledger held the note or it was in the hands of parties with notices of interveners' rights. But, in this case, the note has been transferred to plaintiff for value without notice, and whatever the rights of interveners and defendants are as between themselves they cannot affect the rights of plaintiff. The judgment should have been for plaintiff.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.