BRADLEY, Judge.
This is an appeal from the Circuit Court of Marshall County. The proceeding was initiated when the appellant, Charles W. Williams, filed a complaint in that court challenging the validity of the schedule of assessment values for motor vehicles for ad valorem tax purposes prepared by the ap-pellee, Charles A. Boswell, as Commissioner of Revenue for the State of Alabama. Williams sought to bring the action not only for himself but also for all other motor vehicle owners of Marshall County. Boswell responded by moving without supporting affidavits for a summary judgment, basing his motion on exhibits attached to the said motion. These exhibits consisted of an order to the United States District Court for the Middle District of Alabama dated June 29, 1971 (Weissinger v. Boswell, *371 330 F.Supp. 615); an order of that same court dated March 8, 1974; Acts 116, 160 and 166, Acts of Alabama 1971, Third Special Session; an opinion of the Alabama Attorney General dated August 26, 1974; and a copy of the Motor Vehicle Assessment Schedule Manual prepared by Boswell as Commissioner of Revenue. Williams did not file affidavits or any other evidence to refute the exhibits filed by Boswell.
At the hearing on the motion for summary judgment, the trial court had before it Williams’ complaint and Boswell’s motion with attached exhibits. The court found that Boswell was entitled “. . . to 'a summary judgment as a matter of law.”
Williams moved the trial court to set aside the summary judgment. His motion was denied. Williams then asked the trial court to vacate the summary judgment; that motion, too, was denied. Subsequently an appeal from the award of summary judgment and assessment of costs against Williams was perfected to this court.
The sole question for decision is whether the trial court’s award of summary judgment was appropriate. We think it was.
Rules 56(b) and (c), ARCP, provide:
“(b) For Defending Party. A party against whom a claim, ... is asserted . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.”
In brief, Boswell says that he is required by state law and a federal court order to equalize assessment rates for ad valorem tax purposes of all real and personal property in the State of Alabama. See Acts No. 116, 160 and 166, supra, and Weissinger v. Boswell, D.C., 330 F.Supp. 615. Williams contends that only the property owner, tax assessor and county board of equalization had the authority to assess the value of property in Marshall County in the year 1975.
In Weissinger v. Boswell, supra, the U.S. District Court said:
“The State Department of Revenue is charged with the responsibility of equalizing the various county equalization board assessments and its own assessments on railroad and utility property, so that all taxable property in the state will be assessed in accordance with Sections 211 and 217. Sections 131 and 133 of Title 51 of the Code of Alabama authorize the Department of Revenue to exercise general and complete supervision over and control of valuation, equalization, and assessment of property ‘to the end that all taxable property in the state shall be assessed and taxes shall be imposed and collected thereon in compliance with the law, and that all assessments on property . . . shall be made in exact proportion to the fair and reasonable market value thereof.’
“The defendant [Charles A. Boswell] as the chief executive officer of the Department of Revenue, thus has the responsibility for seeing that all taxable property in the state is assessed at uniform assessment ratios for ad valorem tax purposes. . . ."
In March 1974 this same District Court in a follow-up opinion and order in the same case, said:
“. . . [T]he State Department of Revenue, under the supervision of defendant Boswell as Commissioner of Revenue, has general and complete supervision over and control of valuation and assessment of property to the end that all *372 taxable property in the state shall be assessed and taxes imposed and collected thereon in compliance with law and that assessments be made in exact proportion to fair and reasonable market value.”
In 1971 the Alabama Legislature passed an act, i. e., Act No. 160, Acts of Alabama, Third Special Session, placing on the Department of Revenue and its commissioner the responsibility for implementing and administering a statewide property reappraisal program for ad valorem tax purposes. That same act directed the Revenue Department to prescribe procedures to be followed, standards to be met, forms to be used, records to be kept, and reports to be filed. The act also provided that the Revenue Department, when reasonably satisfied that the property in a county had been appraised at its fair and reasonable market value as required by Act No. 160, certify such fact to the board of equalization and tax assessor of said county. The amount certified shall be the basis of the tax for the following year.
In compliance with the federal court orders and applicable state law, i. e., Acts 160, 116 and 166, the Department of Revenue prepared a uniform motor vehicle assessment schedule to become mandatorily effective for the tax year beginning October 1, 1974, and to be used each year thereafter by the tax assessors and license commissioners throughout the state in assessing motor vehicles for ad valorem tax purposes.
Plaintiff’s assertion, in his complaint and in his brief here, that the Revenue Commissioner has no authority to establish uniform motor vehicle assessment values to be used in Marshall County for the tax year beginning October 1, 1974, is clearly contrary to the specific directives of the state law and the federal court orders, and the Marshall County Circuit Court properly held that Boswell was entitled to judgment “. as a matter of law.”
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.