This is a teacher tenure, case.
The Tuscumbia City Board of Education terminated the employment contract of the teacher. The teacher petitioned the Alabama State Tenure Commission and the Tenure Commission upheld the action of the board of education. The teacher then sought a writ of mandamus in the circuit court. The circuit court dismissed the petition for writ of mandamus. The circuit court's action was premised on the fact that the petition for writ of mandamus was barred by laches as being unreasonably late.
The dispositive issue is whether the teacher's petition for writ of mandamus should have been barred by laches as being unreasonably late. We find the trial court's action in finding the petition to be so barred correct and affirm.
We do not find it necessary nor prudent to set out in detail the facts of this appeal. Our review of the record reveals the following pertinent facts.
The teacher who, through able counsel, contends he is a teacher with continuing service status (a tenured teacher) was terminated by the employing board of education on June 30, 1977. Thereafter, the teacher sought relief before the tenure commission. The tenure commission denied the relief sought by the teacher and upheld the *Page 902 
action of the board of education. The action by the tenure commission occurred on October 20, 1977. On May 15, 1978, the teacher filed his petition for writ of mandamus in the Circuit Court of Colbert County. Thereafter, as indicated above, the circuit court dismissed the petition for writ of mandamus.
In the recent case of Alabama State Tenure Commission v.Board of School Commissioners of Mobile County, Civ. 1985,378 So.2d 1142 (Ala.Civ.App., December 5, 1979), this court concluded that an unexplained delay of over three months in seeking a writ of mandamus in a teacher tenure case, such as the instant appeal, was unreasonable; therefore, further concluding that the petition for the writ was barred by laches. In the Mobile County case, it was the school board who was seeking the writ of mandamus.
In Alabama State Tenure Commission v. Board of SchoolCommissioners of Mobile County, supra, this court attempted to set out in some detail the rationale for our conclusion. This rationale is equally as applicable in the instant appeal. We refer interested persons to the Mobile School Board case.
In view of Mobile, supra, we now hold that an unexplained delay of almost seven months in seeking the writ of mandamus by the teacher is unreasonable. Therefore, in the instant appeal, as in Mobile, supra, the writ is barred by laches.
The above being dispositive of this appeal, other issues raised by the teacher need not be discussed.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.