This is an appeal by John Thrasher, who attempted to intervene in the case below filed by Billy Joe Bartlett against State Farm Fire Casualty Company, Inc. Bartlett, whose house in Cullman was destroyed by fire on April 2, 1981, filed the suit against State Farm in the Circuit Court of Cullman County on August 10. His complaint sought judgment for payments due under a homeowner's policy issued by State Farm to Bartlett.
On October 1, Thrasher, who owned furniture in Bartlett's house, filed a motion to intervene. Thereafter, on October 8, the Court entered the following order:
 "ORDERED, the motion of John Thrasher to intervene is granted, subject to a motion to dismiss filed by either the plaintiff or the defendant."
State Farm then filed a motion to dismiss intervention on October 13, and on October 16, Bartlett likewise filed a motion to dismiss intervention. After a hearing, the Court, on October 28, deferred a ruling on the motions to dismiss the intervention "to allow Thrasher to amend his motion to intervene." On December 4, Thrasher filed an amended motion to intervene. He filed a second amendment to the motion to intervene on January 4, 1982, and attached thereto a copy of the insurance policy upon which the original plaintiff, Bartlett, filed suit against State Farm. The pertinent part of the policy stated:
"COVERAGE B — PERSONAL PROPERTY
 "We cover personal property owned or used by any insured while it is anywhere in the world. At your request, we will cover personal property owned by others while the property is on the part of the residence premises occupied exclusively by any insured. In addition, we will cover at your request, personal property owned by a guest or a residence employee, while the property is in any residence occupied by any insured."
On January 8, the following order was entered:
 "ORDERED, the Court having considered the Motion to Intervene and the Second Motion to Intervene, filed by John M. Thrasher and after a hearing, said motions to intervene are denied."
On February 19, Bartlett and State Farm filed a joint motion for dismissal with prejudice. The motion alleged that the parties had reached a full and complete settlement. On February 25, the trial court entered the following order:
 "ORDERED, by Agreement, the parties having settled their differences, this case is dismissed, with prejudice; cost to the Plaintiff."
On February 26, Thrasher filed suit against Bartlett and State Farm in the United States District Court for the Northern District of Alabama. State Farm made a motion to dismiss the federal court suit on March 17, asserting that the Cullman County case is res judicata of Thrasher's claim against State Farm and against the proceeds of the State Farm policy.
Thereafter, on April 5, Thrasher filed his notice of appeal from the judgment of January 8, to the Supreme Court of Alabama. State Farm filed its motion to dismiss the appeal on the grounds that the appeal was not timely filed. *Page 607 
The controlling question in this appeal is whether the trial court's judgment denying Thrasher's motion to intervene was "final" so as to require notice of appeal to be filed within forty-two days of the date of the judgment. The following dates are pertinent to determination of the motion to dismiss the appeal:
 January 8, 1982 — Court order purporting to deny Thrasher's motions to intervene
February 25, 1982 — Case dismissed with prejudice
April 5, 1982 — Thrasher's notice of appeal filed
As seen above, Thrasher's notice of appeal was not filed within 42 days of the January 8 order, but it was filed within 42 days of the February 25 order which dismissed the claim of Bartlett against State Farm.
Rule 24, Alabama Rules of Civil Procedure, states:
 "(a) Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 "(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
According to the evidence presented in this case, this Court finds that Thrasher's motions to intervene were "of right."
7A C. Wright A. Miller, Federal Practice and Procedure
(Civil), Section 1923 at 627 (1969), states:
 "The matter has been much more complicated when review is sought of a denial of intervention, but there are clear signs that the courts are moving to a simpler and more sensible rule. It is clear enough what the rule ought to be. Any denial of intervention should be regarded as an appealable final order — as it surely is so far as the would-be intervenor is concerned — but the appellate court should affirm unless intervention of right was erroneously denied. . . ."
The United States Supreme Court likewise held that where the appellant may intervene as of right, the order of the Court denying the intervention is appealable. Sam Fox Publishing Co.v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604
(1961); Sutphen Estates, Inc. v. United States, 342 U.S. 19,72 S.Ct. 14, 96 L.Ed. 19 (1951).
We therefore hold that an order denying intervention as of right is appealable. Rule 54 (a) defines "judgment" as an "order from which an appeal lies." The denial of a motion to intervene is an appealable order; thus, it is a judgment under Rule 54.
Rule 54 (b), Alabama Rules of Civil Procedure, provides as follows:
 "(b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except *Page 608 
where judgment is entered as to defendants who have been served pursuant to Rule 4 (f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
Thrasher relies on Rule 54 (b) in stating that his notice of appeal was given within forty-two days from the order of the court entered on February 25, 1982, wherein Bartlett and State Farm settled the case. Thrasher, however, is misconstruing the intent of the rule. We are inclined to follow the holding ofCounty of Fresno v. Andrus, 622 F.2d 436 (9th Cir. 1980), where the Court recognized that the denial of a motion to intervene as of right is a final order within the meaning of 28 U.S.C. § 1291.
Rule 4, Alabama Rules of Appellate Procedure, states in pertinent part:
 "(a) Appeals Generally. (1) Except as otherwise provided herein, in all cases in which an appeal is permitted by law as of right to the Supreme Court or to a court of appeals, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from."
Thus, Thrasher did not make a timely appeal from the January 8, 1982, order. This appeal is hereby dismissed.
APPEAL DISMISSED.
TORBERT, C.J., and ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.