HOLMES, Judge.
These are appeals from the circuit court’s action granting summary judgment against appellant-taxpayers concerning the Board of Equalization’s property valuations for 1982. The taxpayers appeal.
The facts of this case are not in dispute.
Taxpayers were dissatisfied with the Board of Equalization’s property valuations. On July 9, 1982, taxpayers notified the Board that they were protesting the valuations. A hearing was held on August 19, 1982 and was attended by taxpayers. Thereafter, the taxpayers kept in frequent contact with the Board and the tax assessor concerning the status of their protest.
On October 20, 1982, the tax assessor mailed notice to taxpayers informing them that “the Board of Equalization has this date concluded its review of your pro-test_” The notice also informed appellants that any appeal from the Board’s ruling would be to the circuit court in accordance with Ala.Code § 40-3-25 (1975) which requires that appeals be taken within thirty days from the Board’s final decision.
Taxpayers filed notice of appeal with the circuit court on November 18,1982. Thereafter, the State of Alabama filed a motion for summary judgment setting forth as grounds the fact that the appeal was not filed within thirty days of the Board’s final decision. The State attached an affidavit from the tax assessor stating that the Board had adjourned on October 4, 1982. In addition, all parties stipulated at the hearing on the summary judgment motion that the Board adjourned on October 4, 1982, and held no further meetings that year. Therefore, the date contained in the notice mailed by the tax assessor was incorrect.
After due consideration, the trial court granted the State’s motion for summary judgment. From that action, taxpayers through able counsel who made an excellent presentation at oral argument, take this appeal. We find no error requiring reversal and affirm.
Taxpayers contend on appeal that the trial court erred in granting summary judgment by not applying the doctrine of equitable estoppel to the facts of this case. In other words, appellants contend that the State of Alabama should be estopped from asserting the thirty day limitation of § 40-3-25 due to taxpayers’ reliance on an incorrect date contained in the written notice from the tax assessor, as mentioned above.
In Alabama the doctrine of equitable estoppel is, as a general rule, not applicable to the State or to State-created agencies. Marsh v. Birmingham Bd. of Education, 349 So.2d 34 (Ala.1977). In regard to matters of taxation, the State is acting in its governmental capacity in the assessment and collection of taxes and it cannot be estopped with reference to these areas. Community Action Agency of Huntsville, Madison County, Inc. v. State, 406 So.2d 890 (Ala.1981).
Be that as it may, it is the taxpayers’ argument that they are not seeking to estop the State in the assessment or collection of taxes; rather, taxpayers contend that the State should be estopped from asserting the statute of limitations due to the misrepresentation of the date of the Board’s final decision. This court is not persuaded that the doctrine of estoppel should be extended in this instance.
State v. Maddox Tractor & Equipment Co., 260 Ala. 136, 69 So.2d 426 (1951), is similar factually to the case at bar. In Maddox, the taxpayer relied on statements made by the Department of Revenue of the State of Alabama concerning the assessment of sales tax on certain items. These statements were incorrect and, consequently, the taxpayer had to pay additional taxes. The Supreme Court of Alabama held that the doctrine of estoppel cannot be applied to the State in tax matters. Although Maddox speaks only to the assessment and collection of taxes, there is additional authority that should be considered in connection with the law on estoppel.
The right to appeal in tax cases is strictly statutory. State v. Colonial Refrigerated Transportation, Inc., 48 Ala.App. 46, 261 So.2d 767 (1971), affirmed, 288 Ala. 433, 261 So.2d 772 (1972). Furthermore, the perfection of appeal within the time limited *110 by statute is jurisdictional. Underwood v. Underwood, 162 Ala. 553, 50 So. 305 (1909). The effect of allowing estoppel under the facts of this case would be to extend the time for appeal beyond the statutory limit. This could conceivably impact indirectly upon the assessment and collection of taxes. In view of the above, we do not believe estoppel can be used to accomplish indirectly that which cannot be done directly.
In addition, it appears, although we do not specifically so decide, that in this instance the actions of the tax assessor should not be imputed to the Board of Equalization. The tax assessor serves as the secretary of the county board of equalization according to statute, but he does not have any authority on the board except that conferred by statute. See Ala.Code § 40-3-6 (1975). This court is not aware of any authority, nor is any cited, that indicates that actions of the tax assessor, such as we have now before us, can be binding on the Board of Equalization.
A review of the record fails to reveal any evidence that the Board authorized the tax assessor to inform the taxpayers of the date of the Board’s final decision. In fact, unfortunately, we cannot find any authority that provides for giving notice of the date of the Board decisions when an objection, such as we have in this instance, has been made to the original assessment. We do note, however, that the tax assessor, as secretary of the Board, has the most “contact” with the public in regard to instant procedures. See Ala.Code §§ 40-3-20, -21, and -25 (1975).
We further note that it appears to this court that the statutory scheme in view of the above is deficient and, perhaps, legislative action might be appropriate.
There is nothing in the statutes that provides for notice in the present situation. In other words, the taxpayer objects to the Board’s valuation, a hearing is held, and thereafter the Board makes its final decision which taxpayers wish to appeal to the circuit court. There is no requirement in the statutes that notice of the Board’s final decision be given to the taxpayer. The statutory scheme for appeals of the Board’s decisions is silent in that regard. The only requirement is that the appeal be taken within thirty days of the Board’s final decision.
Section 40-3-25 specifically states that all appeals from the rulings of the Board “shall be taken within 30 days after the final decision of said board_” The su-
preme court has determined that the decisions of the Board become final and sufficiently formal when the Board adjourns without changing the amount entered on the assessment sheet. Denson v. First National Bank, 276 Ala. 146, 159 So.2d 849 (1964).
In the present case the Board adjourned on October 4, 1982, without changing the assessment. That was the date the thirty days started running. Although the instant facts resulted in an unfortunate situation, the circuit court’s action in granting summary judgment is not error.
In view of the above, this case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.