Bettie C. Allen and Roberta C. Weideman filed a complaint relating to a parcel of real *Page 22 
estate located in Gadsden, Alabama. The land is owned by Bettie and Roberta and their mother, Verdie A. Crossfield, by virtue of a deed executed on July 14, 1982. The actual relief sought was that the property be sold at a private sale for $30,000 and the mother's share of the proceeds used to pay for her care and maintenance.
Prior to the filing of this lawsuit, Verdie was determined to be non compos mentis and Wayne Copeland was appointed as her guardian. At the hearing of this case on June 6, 1985, judicial notice was taken of that prior determination and Wayne Copeland was appointed guardian ad litem for this particular matter.
The trial court found the sale price to be reasonable, found the sale to be in Verdie's best interest, and, therefore, granted the requested relief. Verdie received one-half of the proceeds, while Bettie and Roberta received one-fourth each, which represented their respective interests in the real estate sold.
One week after the trial court entered its order, Roy Crossfield, who is Verdie's son and Bettie and Roberta's brother, filed a motion to intervene on behalf of Verdie. This motion sought to have the judgment of the trial court set aside. After holding a hearing on this motion, the trial court entered an order allowing Roy to intervene with respect to the distribution of the proceeds from the sale, but denied intervention to set aside the sale itself. It is this order from which Roy appeals.
Roy claims that the deed of July 14, 1982, granting Bettie and Roberta an undivided one-fourth interest each in the property and Verdie an undivided one-half interest is invalid due to fraud and due to Bettie and Roberta's knowledge of Verdie's incompetence at the time of making the deed. Therefore, Roy claims that any sale of the property must be set aside. Roy further argues that if he is successful in proving that Bettie and Roberta are not entitled to any of the proceeds, by a showing that they own no interest in the land, then he also would have shown that the entire proceeding was void ab initio.
The only issue as to which Roy can appeal is whether the trial court erred in denying his motion to intervene in the action to sell the land. Roy cannot directly attack or appeal from the judgment ordering the sale, since he was not a party to the suit. However, the denial of a motion to intervene is regarded as an appealable order. Thrasher v. Bartlett,424 So.2d 605 (Ala. 1982).
Rule 24 (a), A.R.Civ.P., defines "intervention of right" as the right that exists:
 "(1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." (Emphasis added.)
In the present case, Roy is attempting to intervene on behalf of Verdie. Her interests were adequately represented by a guardian ad litem. Therefore, Roy is not a proper and necessary party, and this is not a case of intervention of right. If an applicant is neither a proper nor a necessary party, intervention is not permissible. Pruett v. Ralston Purina Co.,273 Ala. 594, 143 So.2d 309 (1962); State v. ColonialRefrigerated Transportation, Inc., 48 Ala. App. 46,261 So.2d 767 (1971), affirmed, 288 Ala. 433, 261 So.2d 772 (1972).
At most, intervention in this case would be permissive. Rule 24 (b), A.R.Civ.P., provides as follows:
 "Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or *Page 23 
prejudice the adjudication of the rights of the original parties." (Emphasis added.)
The granting of a motion to intervene is within the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. Walker County Dept. ofPensions Security v. Mason, 373 So.2d 863 (Ala.Civ.App. 1979). In the instant case, Roy claims that the deed of July 14, 1982, granting Bettie and Roberta an undivided one-fourth interest each in the real estate is invalid due to fraud and due to Bettie and Roberta's knowledge of Verdie's incompetence at the time of making the deed. Therefore, Roy argues that any sale of the property should be set aside.
We note that the apparent purpose behind the sale in this case was to assist Verdie in obtaining funds for her care and maintenance. A hearing date for the sale was set, and an order entered requiring the sale and putting Wayne Copeland in charge of Verdie's proceeds as guardian ad litem. It was not until one week after the abovementioned hearing that Roy sought to intervene. One requirement of intervention is that it be timely. See Rule 24, A.R.Civ.P. We can not say that the trial court abused its discretion by not allowing Roy to intervene to set aside the sale. In fact, Roy was allowed to intervene to determine how the proceeds of the sale should be distributed. Thus, Roy can still present evidence that Bettie and Roberta are not entitled to any proceeds from the sale, because a hearing has not yet been held on this issue.
Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
SHORES, J., concurs.
TORBERT, C.J., and JONES, J., concur specially.
ADAMS, J., concurs in the result.