The issue in this case is whether the trial court correctly denied the motion of appellant, Dallas County Board of Education (hereinafter "Board"), to intervene in a lawsuit pending in the Circuit Court of Dallas County. We affirm.
The suit in which the Board seeks to intervene was brought as a class action challenging the method used to determine the "current use" valuation of land for ad valorem tax purposes and seeking a refund of such taxes improperly collected. Named as defendants in the suit are the state commissioner of revenue, the state treasurer, the Dallas County tax assessor, the Dallas County tax collector, and the chairman of the Dallas County Commission.
The Board sought to intervene as a party defendant as a matter of right pursuant to Rule 24(a), A.R.Civ.P. The trial court's denial of the Board's motion to intervene is an appealable order. Crossfield v. Allen, 494 So.2d 21 (Ala. 1986); United States Fidelity Guaranty Co. v. Adams,485 So.2d 720 (Ala. 1986); Thrasher v. Bartlett, 424 So.2d 605
(Ala. 1982). Rule 24(a)(2), A.R.Civ.P., provides:
 "Upon timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
In order to determine whether the trial court erred in denying the Board's motion to intervene, we must consider the interest of the Board in the pending action. United States Fidelity Guaranty Co. v. Adams, supra.
The Board claims an interest in the action because a portion of the collected taxes that are the subject of the lawsuit was paid to the Board. According to the brief filed by the Board, approximately 25 percent of the taxes were dispersed to the Board by the county tax collector, and the Board "could be required to refund or pay" its proportionate share should the plaintiffs prevail in this action. Thus, the Board contends that it is precluded from protecting *Page 912 
its interest due to the trial court's denial of its motion to intervene.
In State v. Colonial Refrigerated Transportation, Inc.,48 Ala. App. 46, 261 So.2d 767 (Ala.Civ.App. 1971), aff'd,288 Ala. 433, 261 So.2d 772 (1972), the Court of Civil Appeals determined that the trial court had abused its discretion in permitting a county board of education, a city, and a county director of revenue to intervene in an action in which the State sought to collect "escape ad valorem taxes" from Colonial. The intervenors argued "that they had an interest in the outcome of the litigation because they stood to gain revenue if the State was successful, and they stood to lose if Colonial was successful. . . ." 48 Ala. App. at 49,261 So.2d at 769. The Colonial court decided that the interest of the would-be intervenors in the litigation "amounts to no more than 'concern' for the outcome, as any other recipient of tax benefits would exhibit. For example, any parent with a child in the county or city schools would be concerned, and any other citizen of the county would be concerned about the availability of tax money for the various services supplied by these governmental agencies." 48 Ala. App. at 50, 261 So.2d at 771.
In the present case, we perceive the "interest" of the Board in the pending litigation to be no different from the "interest" advanced by the would-be intervenors in theColonial case. The Board's assertion that a judgment ordering a refund of ad valorem taxes already collected and paid to the Board will impair the Board's ability to operate the Dallas County schools is no more than the assertion of a "concern" for the outcome of the litigation. This concern is undoubtedly shared by all citizens of the county, as well as by any other governmental agencies that received any part of the taxes claimed by plaintiffs to have been improperly collected. We are of the opinion that the Board does not have an interest in the subject of the pending action that will permit its intervention as of right pursuant to Rule 24(a), A.R.Civ.P.
The order of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.