This case involves a petition for a writ of mandamus to order the withdrawal of an order entered by a circuit judge in Talladega County.
In June 1984, Barnett Lawley filed a class action in the Circuit Court of Talladega County, seeking to represent a class of rural landowners who had been charged illegal ad valorem taxes. Pursuant to an agreement between Lawley and the State of Alabama, a consent judgment was entered; it held that Lawley and the other class members were entitled to refunds on certain ad valorem taxes collected during the 1981 and 1982 tax years. Further proceedings were held to identify taxpayers and to calculate the amounts of any refunds to which they were entitled. In September 1992, the trial court entered its order identifying the class and the amount of overcharged taxes to which each taxpayer was entitled, together with pre-judgment and post-judgment interest thereon, and it ordered a refund of same to the entire class. The order further apportioned the amount of refund due from the State and various county entities, and the interest and costs thereon.
Subsequently, Talladega County (County) filed a post-judgment motion, asserting that it was not a party to the stipulation and the settlement that had led to the consent judgment; that the stipulation and consent judgment excluded any reference to the county officials named in the lawsuit; and that there is therefore no judgment against the County. The trial court thereafter entered a revised order, holding that no judgment had been entered against the County; setting aside that portion of its previous order pertaining to the County and holding that portion for naught; and holding that because no judgment had been entered against the County, no interest could accrue against the County.
Lawley seeks a writ of mandamus directing the circuit court to rescind its revised order and to reinstate its original order of September 1992.
At the outset, we note that mandamus is a drastic and extraordinary writ and that, in order for this court to issue such a writ, there must be "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Adams, 514 So.2d 845, 850
(Ala. 1987). The writ is not to be granted unless there is a clear showing of error in the trial *Page 476 
court. Ex parte Slade, 382 So.2d 1127 (Ala. 1980).
The respondents contend that this petition was not timely filed and is, therefore, due to be dismissed, citing Burks v.Alabama State Tenure Commission, 380 So.2d 901 (Ala.Civ.App. 1980). In Burks, this court referred to the rationale espoused in Alabama State Tenure Commission v. Board of SchoolCommissioners of Mobile County, 378 So.2d 1142, 1144
(Ala.Civ.App. 1979), wherein we concluded that, "Considering the tight statutory schedule so prevalent throughout the Teacher Tenure Act, . . . the time for taking an appeal under such circumstances could not be 'open ended and without limitation.' " (Citation omitted.)
The record reflects that this protracted litigation was filed in 1984, to contest taxes collected in the tax years 1980 and 1981, and that a consent judgment was entered in 1985. The trial court's order directing a refund of the overcharged taxes, together with pre-judgment and post-judgment interest, was not entered until September 1992; after the County filed a post-judgment motion. The only factor or circumstance the respondents allege to be unreasonable is the fact that this petition was filed some six and one half months after the trial court's ruling on the post-judgment motion. The respondents have failed to show any prejudice resulting from the delay, other than their own concern regarding monies already spent (which concern will be discussed later in this opinion), nor have they shown the existence of any other circumstances that would show unreasonableness. Without more, the mere passage of time will not suffice. Ex parte Johnson, 485 So.2d 1098 (Ala. 1986). Therefore, the claim that the petition is due to be denied as barred by laches must fail.
Respondents next contend that inasmuch as the County's revenue commissioner and commission chairman were joined as parties defendant, any settlement or consent judgment entered into without their knowledge and consent amounts to a violation of their right to due process.
Ala. Code 1975, § 40-2-11, specifies pertinent statutory authority granted to the Department of Revenue (Department):
 "It shall be the duty of the Department of Revenue, and it shall have the power and authority, in addition to the authority now in it vested by law:
 "(1) To have and exercise general and complete supervision and control of the valuation, equalization, and assessment of property . . . and of the collection of all property . . . taxes for the state and counties, . . . and of the several county tax assessors and county tax collectors, probate judges, and each and every state and county official, board, or commission charged with any duty in the enforcement of tax laws, to the end that all taxable property in the state shall be assessed and taxes shall be imposed and collected thereon in compliance with the law and that all assessments on property . . . in the state shall be made in exact proportion to the fair and reasonable market value thereof. . . .
 "(2) To equalize, value, and assess or cause to be equalized, valued, and assessed any property subject to taxation . . .; to set aside all assessments so entered in any assessment book, record, or minutes . . . and . . . revalue and reassess said property and cause such revaluation and reassessment to be entered in the proper assessment book, record, or minutes in lieu of the original valuation and assessment. . . ."
These two subsections illustrate the Department's complete and general control and supervision over valuation, assessment, and collection of ad valorem taxes. The Department may, within its authority, set aside the assessments of local officials and impose its own assessments. See Sims v. White, 522 So.2d 239
(Ala. 1988), and Williams v. Boswell, 337 So.2d 370
(Ala.Civ.App. 1976). Thus, even though the county officials were named defendants in the lawsuit, were they necessary and proper parties to the litigation? We think not.
The County's position in this litigation is analogous to that of the various county entities which sought to intervene inState v. Colonial Refrigerated Transportation, Inc.,48 Ala. App. 46, 261 So.2d 767 (Ala.Civ.App. 1971), aff'd,288 Ala. 433, 261 So.2d 772 *Page 477 
(1972). The Colonial court decided that the legislature appeared to have placed the exclusive authority for enforcing the collection of ad valorem taxes in the State and that when the matter is before the courts of this State, the parties are always either the taxpayer or the State. Colonial, supra. The concerns raised in the respondents' answer appear to be the same as, or similar to, those concerns advanced by the Dallas County Board of Education in Dallas County Board of Educationv. Henry, 507 So.2d 911 (Ala. 1987), wherein attempts to intervene by the county entities were again denied. In the instant case, the County's assertion that it had remitted funds to the County Board of Education for the purchase of school buses and the installation of a new roof on a school building is no more than the assertion of a "concern" for the outcome of the litigation. Consistent with the holding in Dallas County,supra, we conclude that the county entities here do not have an interest in the subject of the pending action that permits intervention, and thus that they are not necessary and proper parties. Accordingly, there was no violation of the right to due process.
Ala. Code 1975, § 40-3-25, contains certain provisions that became applicable when the court entered the consent judgment based upon the stipulation between the Department and the taxpayers:
 ". . . the court shall ascertain . . . the amount of tax which was invalid or which was excessive both as to the amount paid to the state, counties, county boards of education, municipalities, or other governmental agencies receiving any part of such taxes, and thereupon, upon presentation of a certified copy of the judgment to the comptroller, it shall be the duty of the comptroller to draw his warrant on the State Treasurer in favor of such taxpayer for such an amount as the judgment of the court shall ascertain and declare has been erroneously paid to the state together with interest from the date of payment, and such warrant of the comptroller shall be paid out of any funds in the State Treasury as a current obligation of the year in which said refund is ordered. Upon presentation of a certified copy of such judgment to the county commission, or upon presentation of a certified copy of such judgment to a county board of education or to the city council or other governing body of any municipality, or upon presentation of a certified copy to the governing body of any other agency of the state which may have received any part of said tax erroneously paid as determined by the judgment, it shall be the duty of the county commission or the county board of education or of the city council or other governmental body of a municipality or of the governmental body of any other agency receiving any part of such taxes to draw its warrants on the treasurer of such county, school board, municipality, or other agency . . . together with interest from the date of payment, and such amount shall constitute a preferred claim of the current year in which said refund is ordered, and the respective treasurers are hereby required to refund such amounts received by said county, school board, municipality, or other agency, with interest as herein provided. . . ."
The relief afforded by this section applies to ad valorem taxes paid on an invalid and void assessment. See Sims, supra.
In September 1992, the trial court entered a judgment in accordance with the provisions of this statute; however, on motion of the County, the trial court revised its order and held that the County was not responsible for any of the judgment and that interest did not accrue against it for the amounts determined and apportioned by the prior judgment. Concededly, mandamus is not proper to require a lower court to perform a judicial duty or one calling for the exercise of judicial discretion, in a particular manner. Adams, supra. The remedy of mandamus, however, is available to require that a ministerial act be performed. State ex rel. Carmichael v.Jones, 252 Ala. 479, 41 So.2d 280 (1949). "[T]he act of entering a consent judgment in a matter lawfully agreed upon between the parties and within the authority of the court is ministerial." Jones, 252 Ala. at 482, 41 So.2d at 282. The trial court in the instant case had jurisdiction of the subject matter and of the parties. If the *Page 478 
parties' consent agreement regarding the disposition of the cause was lawful, that is, within the power and authority of the Department, it was the court's duty to give the agreement effect by entering the judgment thereon. Jones, supra.
Accordingly, the writ of mandamus will issue to the Circuit Court of Talladega County, directing it to rescind its order of January 1993, which revised the September order, and to reinstate the September order in compliance with the stipulation of the Department and the taxpayers.
WRIT GRANTED.
YATES, J., concurs.
ROBERTSON, P.J., recuses.