We granted certiorari in order to determine whether the doctrine of equitable estoppel should be applied against the State of Alabama under the facts in this case. Those facts are set out in the opinion of the Court of Civil Appeals;[1]
therefore, we do not repeat all of them here, but merely emphasize that on October 20, 1982, the tax assessor informed the petitioners that "the Board of Equalization has this date
concluded its review of your protest. . . ." The statute controlling appeals from the board's ruling[2] requires that appeals to the circuit court be taken within thirty days after the final decision of the board. Notice of appeal was filed November 18. Thereafter, the state filed a motion for summary judgment, on the grounds that the notice of appeal was not timely. It was shown that the board had adjourned on October 4, 1982, and held no further meetings that year. The trial court granted the state's motion, and the Court of Civil Appeals affirmed. We reverse.
Although the doctrine of equitable estoppel is, as a general rule, not applicable to the state, to municipal subdivisions, or to state-created agencies (Marsh v. Birmingham Board ofEducation, 349 So.2d 34 (Ala. 1977)), the doctrine is applicable to the government where justice and fair play require it. United States v. Lazy F C Ranch, 481 F.2d 985 (9th Cir. 1973). See, also, Semaan v. Mumford, 335 F.2d 704
(D.C. Cir. 1964). This court has applied the doctrine of estoppel against municipalities when the facts and circumstances, in the judgment of the court, warranted its application. Marsh v. Birmingham Board of Education, supra;City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110
(1967); Powell v. City of Birmingham, 258 Ala. 159, 61 So.2d 11
(1952).
The doctrine of estoppel has not been applied against the state acting in its governmental capacity in the assessment and collection of taxes. Community Action *Page 112 Agency of Huntsville, Madison County, Inc. v. State,406 So.2d 890 (Ala. 1981); State v. Maddox Tractor Equipment Co.,260 Ala. 136, 69 So.2d 426 (1953). However, the petitioners in this case are not seeking to estop the state from assessing or collecting the tax owed. Rather, they are attempting to preserve their right to a hearing in a state court, where the untimeliness of the filing of their appeal was caused by misinformation furnished by the state's officer and relied upon by the petitioners to their detriment.
The respondent correctly points out that the timeliness of an appeal is jurisdictional, and that questions of timeliness must be decided according to the controlling rule or statute. However, in this case, failure to apply estoppel against the state would effectively deny the appellants a remedy at law. Thus far, they have had a protest hearing before the Board of Equalization, whose initial property valuations they were protesting. This administrative "remedy" does not appear to us to be sufficient to meet the requirements of equity. While Code 1975, § 40-3-25, provides that an appeal from such a hearing shall be taken within thirty days after the final decision of the board, there is no statutory requirement that notice of the board's decision be given to the taxpayer. Although not required to do so, the secretary of the board did notify the appellants' attorney that the board had "this date" concluded its review. If the secretary had remained silent, the burden would have rested on the appellants to discover the time limits for filing an appeal. This case is similar to cases where estoppel has been applied against the government based on affirmative acts of misconduct or misrepresentation, rather than mere silence. In United States v. Wharton, 514 F.2d 406
(9th Cir. 1975), the court stated the proposition that "estoppel is available as a defense against the government if the government's wrongful conduct threatens to work a seriousinjustice and if the public's interest would not be undulydamaged by the imposition of estoppel. . . ." 514 F.2d at 411 (emphasis in original).
In the case before us, the secretary's active misrepresentation of the date of the board's decision is being used in an attempt to deny the taxpayers, who relied on it, their right to an appeal to a court of law. Such a result would obviously work a serious injustice. Furthermore, the public's interest would not be unduly damaged by the imposition of estoppel in this case. While the Court of Civil Appeals, in its opinion, suggested that the imposition of estoppel "could conceivably impact indirectly upon the assessment and collection of taxes," we do not feel that this remote possibility warrants the injustice which would be wrought, should estoppel not be imposed.
The question is raised, both by the Court of Civil Appeals and by the appellee, whether the actions of the tax assessor should be imputed to the Board of Equalization. The Court of Civil Appeals points out that although the tax assessor is, by statute, the secretary of the county board, there is no evidence that he was authorized by the board to inform the taxpayers of the date of the board's final decision, and there is no statutory requirement that notice be given at all. The court, in its opinion, also notes that the tax assessor, assecretary of the board, has the most contact with the public in regard to the instant procedures. See Code 1975, §§ 40-3-20,40-3-21 and 40-3-25.
If this court were to conclude that the taxpayers could not rely on information furnished to them voluntarily by the tax assessor in this case, regarding actions of the board, then it would appear that there ordinarily would be no way that a taxpayer could reliably ascertain at what time the board had reached its decision, for purposes of filing an appeal, sincenobody is authorized or required to give notice of final decisions of the board. Notice obtained through diligent effort of the taxpayer would be no more reliable than that volunteered in a letter from the tax assessor. This would result in such manifest injustice that it cannot be allowed. *Page 113 
For the above reasons, the judgment of the Court of Civil Appeals is reversed, and the cause remanded for further action consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] Four Seasons v. State and Cedar Bend, Ltd. v. State,450 So.2d 108 (Ala.Civ.App. 1983).
[2] Code 1975, § 40-3-25.