CRAWLEY, Judge.
This appeal stems from the decision of the Real Estate Appraisers Board (the “Board”) not to approve Lorren Perdue’s renewal application for licensing as an instructor for two appraisal courses known as USPAP and CAI. When the Board made its preliminary decision not to approve the renewal applications, it indicated that Perdue would no longer be allowed to teach the real estate courses as of the date of the preliminary decision. Perdue filed for relief in the circuit court pursuant to Ala.Code 1975, § 41-22-20, which allows a circuit court to stay an action of an administrative agency that amounts to a suspension or revocation of a license.
The position of the Board in the circuit court was that Perdue’s original license had expired and that, because the Board had preliminarily denied a renewal, Perdue was not licensed as an instructor for the two courses. However, Perdue argued that Ala. Code 1975, § 41-22-19, states that a license is valid until a final order is issued on a renewal application and, if the renewal application is denied, until the time for appeal expires. The circuit court agreed with Per- *200 due, and it granted injunctive relief in the form of a stay against the Board’s action barring Perdue from instructing. The injunction provided that the stay would continue “until such time as the Court is notified that a final decision or order [on Perdue’s renewal applications] has been issued and, in the event [the renewal applications] are denied, then until the time for appeal or review to this Court has expired.” (Emphasis added.) In addition, the order stated that “the ... Board ... shall take whatever action is necessary to approve ... those courses taught by [Perdue] until such time as this stay is rescinded by further Court order or by operation of law.” (Emphasis added.) By the language present in the order, the circuit court retained jurisdiction over the matter.
Eventually, the Board made its final decision denying the renewal application. At the time of this decision, Perdue was no longer represented by an attorney. As a courtesy, the Board attempted to notify Perdue by telephone of its decision. Perdue did not take the call; his wife spoke to a representative of the Board and, as verified by the February 29, 1996, letter the Board sent to the Perdues, the representative indicated that Perdue’s name would “remain on the Board’s approved list for the CAI and US-PAP courses until the Court makes its final decision.” On April 12,1996, the Board notified the circuit court that Perdue had failed to file for a rehearing or to file an appeal within the 30 days allowed by statute, stated its position that the March 20,1996, order of the circuit court had been rescinded by operation of law, and informed the circuit court that it would be removing Perdue from its approved instructor list.
In response, Perdue wrote a letter to the circuit court on April 15, 1996, requesting that the court have a hearing before making a final decision on the matter. The circuit court responded by notifying Perdue, by way of a letter from the judge’s assistant, that it could not act on correspondence from a party engaged in litigation before it. The letter suggested that any pleadings needing attention be filed in the circuit clerk’s office. Sometime after receiving this letter, Perdue retained the services of an attorney, who then, on May 3, 1996, filed a “Motion to Modify and Keep in Force Injunctive Relief.” After receiving a response from the Board, the trial court set the matter down for a hearing, heard arguments, and ultimately denied Perdue’s motion. The order denying Perdue’s motion states: “The Court having reviewed the record finds that no notice of appeal was filed with [the Board] within the statutory time pursuant to the Alabama Administrative Procedure Act, Ala.Code 1975, Sec. 41-22-20(d). Therefore, the Court is without jurisdiction or authority to reinstate or review the Board’s decision.” From this denial, Perdue appeals. We reverse.
Perdue’s chief argument on appeal is that the doctrine of equitable estoppel should be applied to extend his time for taking an appeal from the Board’s decision. Perdue explains that he was not represented by an attorney at the time of the Board’s final decision, and, therefore, that he could not have known that the trial court’s order would dissolve automatically upon his failure to file an appeal. This, taken with the sentence in the letter from the Board indicating that the court would be making a final decision, should be sufficient, Perdue argues, to apply the doctrine of equitable estoppel and permit him additional time to take an appeal from the Board’s February 1996 decision.
Perdue argues that the doctrine of equitable estoppel should be applied to his situation because, he says, the Board, in its letter of February 29, 1996, actively misrepresented to him the status of the Board’s decision against him. The misleading comment in the Board’s letter apparently led Perdue to believe that the “final decision” in his case would be made by the circuit court. This misrepresentation, Perdue argues, was the reason he failed to file a timely appeal. The essence of Perdue’s argument is that he did not know that the time for appeal had started to run because he was misled by the comment in the Board’s letter. This fact, according to Perdue, is sufficient reason to invoke the doctrine of equitable estoppel against the Board. See Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala.1984); see also *201 Ex parte State Department of Human Resources, 548 So.2d 176, 178-79 (Ala.1988).
In Four Seasons, the Alabama Supreme Court allowed the use of equitable estoppel against the State of Alabama because the secretary of the Board of Equalization had informed taxpayers that a decision in their case had been made on October 20, 1982, referred to as “this date” in a letter, when in fact the Board of Equalization had voted on October 8. Four Seasons, 450 So.2d at 111. The taxpayers relied upon the date given them by the secretary when computing the time for appeal. Id. at 112. The Board of Equalization argued successfully in the circuit court that the time for appeal had expired. Id. at 111. The supreme court disagreed, holding that the doctrine of equitable estoppel would apply to prevent the taxpayers from being denied “their right to an appeal to a court of law.” Id. at 112. The supreme court stated that “estoppel is available as a defense against the government if the government’s wrongful conduct threatens to work a serious injustice and if the public’s interest would not be unduly damaged by the imposition of estoppel.” Id. at 112 (citing United States v. Wharton, 514 F.2d 406, 411 (9th Cir.1975)). The active misrepresentation by the Board of Equalization’s secretary was relied on by the taxpayers to their detriment, and, according to the supreme court, it “work[ed] a serious injustice.” Id. at 112.
The Board responds to Perdue’s argument by reiterating that an appeal from the ruling of an administrative agency is statutory and that the period allowed for appeal must be strictly observed. Ala.Code 1975, § 41-22-20(d); Ex parte Crestwood Hospital & Nursing Home, Inc., 670 So.2d 45, 48 (Ala.1995); Ex parte State Department of Human Resources, 548 So.2d 176, 178 (Ala.1988); State Medicaid Agency v. Anthony, 528 So.2d 326, 327 (Ala.Civ.App.1988). Perdue did not file an appeal with the Board within 30 days of the adverse decision, as required by § 41-22-20(d); therefore, the Board insists that Perdue’s right to appeal has expired and that the trial court correctly denied his request for leave to appeal.
In addition, the Board briefly addresses the equitable estoppel argument raised by Perdue. In response to Perdue’s allegation that the Board “actively misrepresented to [Perdue] his legal status with regard to the Board’s action,” the Board attempts' to explain in its brief that the letter’s reference to a “final decision” referred to a possible future decision of the circuit court, “presumably in the event of a proper appeal.” However, we have reviewed the letter, which is contained in the record, and it does not contain the word “appeal.” The letter clearly indicates that Perdue would remain on the instructor list pending a future “final decision” of the circuit court.
While we agree that an appeal from a decision by an administrative agency must be filed within 30 days as required by statute, see Ala.Code 1975, § 41-22-20(d), we are bound by the precedent of the supreme court. Ala.Code 1975, § 12-3-16. The supreme court has allowed the use of equitable estoppel in a case involving misrepresentation by an agency representative. See Four Seasons, 450 So.2d at 112. In both this case and Four Seasons, an agency’s representative misled the opposing party about some fact having a bearing on the party’s right to appeal. In Four Seasons, the misrepresentation directly affected the taxpayers’ appeal because the date of the agency’s decision affected the dates within which the taxpayers could appeal. Id. at 111. In this case, the misrepresentation did not concern the date of the agency’s action; the Board’s representative misstated the circuit court’s role in the proceedings. However, the effect of the statement in the letter is the same; Perdue waited for the circuit court’s “final decision” and did not appeal within the statutory time. The language in the letter, “until the Court makes its final decision,” strongly indicates that even the Board was confused about the circuit court’s role in the proceedings. Taken together with the language in the stay, the letter certainly gives a distinct impression that the circuit court retained jurisdiction over the matter and would make some further decision. We have determined that under the rationale of Four Seasons we must reverse the circuit court’s denial of Perdue’s motion and must require that the circuit court extend the time for Perdue’s appeal *202 from the Board’s decision be extended until 30 days after notice of this decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., concurs in the result.
THOMPSON, J., dissents.