The City of Mobile ("the City") appeals from a judgment entered in favor of Jack D. Sumrall on Sumrall's claim against the City alleging breach of contract and misrepresentation. Sumrall alleged that the City had failed, or refused, to pay Sumrall $264.34 per month in additional retirement benefits after Sumrall reached 60 years of age. Sumrall contends that when he was contemplating retirement in 1983, City employees told him that, in addition to the State retirement benefits, he would begin receiving $264.34 per month from the City when he reached 60 years of age.
Sumrall was born in July 1935, and he began working for the City in July 1952. When Sumrall began his employment with the City, the City had a City Employees Pension Plan. In 1968 the City's pension plan was substantially modified, and the City's employees were placed under the State Pension Fund. At that time each City employee was given four options from which to choose. Sumrall chose option 4, under which Sumrall was entitled to receive from the City an additional amount if the pension he received from the State did not equal 55% of his salary at retirement.
In 1983, after 31 years with the City, Sumrall considered retiring, because of health problems. However, before the amount of his retirement benefits would be calculated by the State, Sumrall had to file a formal notice of his intent to retire. Thereafter, the State generated the figures and sent them to the City.
In a July 1983 conference, the City's employees told Sumrall that when he reached 60 years of age he would receive an additional $264.34 per month from the City. Sumrall received written verification in a memorandum generated by City employees. The memorandum stated:
 "Transfer Jack D. Sumrall from Engineering Department to the Employees' Retirement Rolls effective August 1, 1983. At that time, Mr. Sumrall will [be] drawing a retirement from the State. His check from the City will be deferred until he reaches age 60.
 "When Mr. Sumrall begins drawing a retirement from the City, he will receive $264.34 a month. This amount along with the retirement received from the State will give him 55% of his present salary of $1,916.00."
Sumrall testified that if the amount of retirement benefits to be paid had not been satisfactory, he could have continued to work for the City in a less demanding position. Sumrall also testified that since his retirement he has worked other jobs.
In July 1995, Sumrall reached 60 years of age. The City did not begin paying Sumrall the promised supplemental pension benefits. In December 1995, Sumrall filed a notice of claim against the City. *Page 120 
In April 1997, Sumrall filed a complaint against the City. The City filed an answer, denying the allegations and raising several affirmative defenses, including the statute of limitations.
Thereafter, the City filed a summary judgment motion, supported by a brief, affidavits, excerpts from Sumrall's deposition, and other documents. Sumrall filed a brief in opposition to the City's summary judgment motion and filed his entire deposition. The trial court never ruled upon the City's summary judgment motion.
In May 1998, the trial court, sitting without a jury, heard the case. Sumrall was the only witness. During the course of the trial, the City's attorney made the following statements to the trial court:
 "[A]s I've told [Sumrall's attorney] over and over and over again, I believe Mr. Sumrall has been told every word he was told — the City employees told him. He's got documents that conform with what he was told, and our position is that the City employees mistakenly told him he was going to get an extra $260 at the time he retired. . . ."
However, no one testified on behalf of the City to show how the calculations were done and why such calculations were a misinterpretation of the contract.
The trial court found that the City "was obligated to make payments in the nature of retirement benefits to [Sumrall] in the amount of $264.34 per month beginning in . . . July 1995, and continuing thereafter, to and including the month of [Sumrall's] death." It then entered a judgment against the City in the amount of $9,251.90, plus interest, which sum represents the payments due from July 1995 through May 1998. The trial court ordered the City to pay $264.34 per month to Sumrall as retirement benefits, beginning June 1, 1998, and continuing until Sumrall's death.
The City appeals, contending that the trial court committed reversible error when it failed to enter a summary judgment in the City's favor and when it failed to enter a judgment in the favor of the City at the conclusion of the trial on the merits.
The City contends that Sumrall's claim is barred by the statute of limitations. In its brief on appeal, the City "does not deny that its employees mistakenly promised Sumrall in July of 1983 that he would receive an extra $264.34 per month from [the City] after his sixtieth birthday." However, the City points out that in October 1987, it sent a letter to Sumrall stating that beginning November 1, 1987, it would reduce the monthly supplement to be paid by the City from $264.34 to $0.00 over a five-year period. The City contends that the statute of limitations began to run in the fall of 1987 because that is when Sumrall learned that the City was not going to make any supplemental retirement payments to him.
Sumrall points out that he was not entitled to the promised supplemental retirement payments from the City until July 1995. Sumrall contends that the limitations period for his claim against the City did not begin to run until July 1995 because, he says, he did not suffer a "legal injury" until July 1995 — when the City failed to begin paying him supplemental retirement benefits. See Mississippi Valley Title Ins. Co. v. Hooper,707 So.2d 209 (Ala. 1997). "Generally, the statutory limitations period applicable to a claim based on a breach of duty runs from the date the plaintiff is first entitled to maintain an action based on the breach of duty, regardless of whether the full amount of damage is apparent on that date." Mississippi ValleyTitle Ins. Co., 707 So.2d at 213. In this case, Sumrall was first entitled to maintain an action in July 1995 — when he became entitled to receive benefits from the City. Thus, Sumrall's claim against the City is not barred by the statute of limitations.
It is clear in the present case that the City was aware that Sumrall's salary at the time of his retirement was $1,916, and that his benefits from the State would be $1,268.13 per month (which was more than 55% of his salary). Nevertheless, the City employees calculated that the City should pay Sumrall an additional $264.34 when he reached age 60.
In its brief the City points out that Sumrall is unable to explain how or why this *Page 121 
figure of $264.34 was calculated. However, as Sumrall points out in his brief, the City employees who calculated this figure were interpreting a contract drafted by the City and these City employees knew (1) the terms of the contract, (2) the amount of Sumrall's salary at the time of his retirement, (3) the amount of retirement benefits that Sumrall would receive from the State, and (4) that the retirement benefits from the State would exceed 55% of Sumrall's salary at the time of his retirement.
In its order, the trial court did not specify the theory it relied upon in determining that the City was obligated to make the payments to Sumrall. In Holley v. Crow, 355 So.2d 1123,1128-29 (Ala.Civ.App. 1978), this court stated:
 "And in instances where it cannot be determined on what ground or theory a judgment or verdict was rendered, the finding of the trier of fact will be referred to the theory which is supported by the evidence.
 "Moreover, under the ore tenus rule the judgment of the trial court will not be reversed or disturbed on appeal unless manifest error was committed by the trial court during the trial or the judgment is demonstrated to be plainly and palpably wrong. The trial court heard the evidence ore tenus in the present case and therefore we will not substitute our own judgment for that of the trial court."
(Citations omitted.) In its order, the trial court did find that "Sumrall justifiably relied on the [City's] innocent or mistaken misrepresentation as to his City retirement benefits."
In Ex parte Baker 432 So.2d 1281, 1285 (Ala. 1983), our supreme court stated:
 "As a general rule the basic elements of estoppel are: 1) the actor, who usually must have knowledge of the facts, communicates something in a misleading way, either by words or conduct, or silence; 2) another relies upon that communication; and 3) the other party would be harmed materially if the actor is later permitted to assert any claim inconsistent with his earlier conduct. Mazer v. Jackson Ins. Agency, 340 So.2d 770 (Ala. 1976)."
In Ex parte Four Seasons, Ltd., 450 So.2d 110, 111 (Ala. 1984), our supreme court stated:
 "Although the doctrine of equitable estoppel is, as a general rule, not applicable to the state, to municipal subdivisions, or to state-created agencies, the doctrine is applicable to the government where justice and fair play require it. This court has applied the doctrine of estoppel against municipalities when the facts and circumstances, in the judgment of the court, warranted its application."
(Citations omitted.)
In the present case the City employees advised Sumrall that he would be receiving an additional sum from the City when he reached 60 years of age. In fact, Sumrall testified that when he mentioned to the City employees that the amount he would be receiving from the State exceeded 55% of his salary at retirement, the City employees told him that the amount received from the State had no bearing on the amount that he would receive from the City when he reached 60 years of age. Sumrall relied upon this representation when making his decision regarding retirement; if the City is allowed to change its position, Sumrall would be harmed materially. Consequently, the facts and circumstances of the present case warrant the application of the doctrine of estoppel. See Ex parte Four Seasons, Ltd., 450 So.2d at 111.
In light of the foregoing, we find that there was evidence to support the trial court's determination that the City was obligated to pay Sumrall $264.34 per month.
Let the judgment be affirmed.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18 10 (e), Ala. Code 1975.
AFFIRMED.
All the judges concur. *Page 122