[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16188

_____

D. C. Docket No. 2:11-cv-00538-WS-C

MISSISSIPPI VALLEY TITLE INSURANCE COMPANY,
WELLS FARGO BANK, N.A.,
OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

Plaintiffs-Appellees,

versus

J. GARRISON THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 19, 2014)

Before TJOFLAT, Circuit Judge, and MOORE[*] and SCHLESINGER,[**] District Judges.

SCHLESINGER, District Judge:

This appeal presents a relatively simple question, but one that the Alabama Supreme Court is best-equipped to answer: Does an "attorney agent" who works under contract for a title insurance company provide a "legal service" within the meaning of Ala. Code § 6–5–574, when he performs a title search, analyzes documents in the chain of title, forms an unwritten opinion on the status of title based on those documents, and then issues a commitment to insure or an insurance policy based on his unwritten opinion?  The District Court answered this question in the negative and, therefore, did not subject this action to Alabama's statute of limitations for "legal service liability actions against . . . legal service provider[s]" found within Ala. Code § 6–5–574.  The District Court then granted summary judgment to Plaintiff-Appellee Mississippi Valley Title Insurance Co. and its affiliate, Old Republic National Title Insurance Co. (collectively "Mississippi Valley").  Defendant-Appellant J. Garrison Thompson ("Thompson") argues that the District Court erred, and that it should have granted summary judgment in his

---

[*] Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, sitting by designation.

[**] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

favor because Mississippi Valley's action against him was time-barred by Ala. Code § 6–5–574. He was, he argues, providing a legal service in his capacity as "attorney agent" for Mississippi Valley.

After careful review of Alabama court decisions interpreting the meaning of "legal service" both in connection with and apart from Ala. Code § 6–5–574, we conclude that this appeal presents an issue of first impression that the Alabama Supreme Court is best-suited to resolve. We therefore certify the question to the Alabama Supreme Court.

## I. FACTS AND PROCEDURAL HISTORY

Thompson is an attorney who practices law in Alabama. In February 2000, Mississippi Valley and Thompson entered into an agreement that appointed him an "attorney agent" authorized to issue title insurance commitments and policies on behalf of Mississippi Valley. The briefs discuss at length Thompson's hiring process and the manual he received. But most important, for purposes of this appeal, is Thompson's own description of the work he performed. In his affidavit, Thompson averred that his duties as attorney agent required him to: "perform a title search, analyze the documents in the chain of title, draw conclusions from those documents, and formulate an opinion as to the status of title and how the documents in the chain of title affect record title to the property." (DE 52–1 at p. 2). Thompson then issued commitments to insure and insurance policies.

3

In 2001, and again in 2003, Thompson messed up.  Namely, he missed a prior mortgage that had been recorded in 1997 and did not except that prior mortgage from coverage in a title insurance commitment and policy that he issued in November 2001.  He also failed to except a 2001 mortgage on the same property from a title insurance commitment that he issued in October 2003.

Mississippi Valley brought a diversity suit against Thompson in September 2011.  Thompson moved for summary judgment on the ground that Mississippi Valley's suit was time-barred under Ala. Code § 6–5–574.  The District Court denied his motion and instead granted summary judgment to Mississippi Valley, holding that the statute of limitations did not apply.  In the District Court's view, Thompson was not performing a legal service when he did the title search work, formed an opinion on the insurability of title, and issued the insurance policy and commitments to insure.  After the banks involved entered a settlement, the District Court entered judgment against Thompson in the amount of $94,697.20.  Thompson then initiated this appeal.

## II.  STANDARDS OF REVIEW

This court reviews a district court's grant of summary judgment *de novo*, *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004), applying the same standard the district court applied, *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292,

4

1314 (11th Cir. 2011). This court will affirm a grant of summary judgment if the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court's interpretation and application of a statute of limitations presents a legal question that this Court reviews *de novo*. *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998).

## III.  DISCUSSION

Section 6–5–574(a) of the Alabama Code generally applies a two-year limitations period to the filing of "legal service liability actions against a legal service provider." Ala. Code § 6–5–574(a). Under no circumstance may a legal service liability action be commenced more than four years after the date on which the act or omission occurred. *Id.* A "legal service provider" includes "[a]nyone licensed to practice law by the State of Alabama or engaged in the practice of law in the State of Alabama." *Id.* § 6–5–572(2). Thompson clearly qualifies as a legal service provider. A "legal service liability action" is defined as "[a]ny action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider." *Id.* § 6–5–572(1). As the Alabama Supreme Court has clarified, an action against a legal service provider is not a "legal service liability action" unless it involves a claim "originating from

5

[the] receipt of legal services." *Cunningham v. Langston, Frazer, Sweet & Freese, P.A.*, 727 So. 2d 800, 803 (Ala. 1999).

Mississippi Valley brought this action against Thompson in September 2011 for events that occurred in November 2001 and October 2003—well beyond four years later. Therefore, if this action is a "legal service liability action"—one that originates from Mississippi Valley's receipt of Thompson's "legal services"—Mississippi Valley's action is clearly time-barred by § 6–5–574(a). The Alabama Supreme Court has had occasion to define "legal service" in the title insurance context, both in relation to and apart from the statute at issue in this appeal. These decisions do not squarely resolve the issue of whether Thompson was providing a legal service during his title search and insurance issuance activities.

In *Land Title Ins. Co. of Ala. v. State ex rel. Porter*, 299 So. 2d 289, 290–91 (Ala. 1974), the State brought suit to enjoin a title insurance company's non-attorney agents from reviewing title records and issuing commitments with specified conditions on the theory that they were engaged in the unauthorized practice of law. The Alabama Supreme Court held that these actions by non-attorney agents did not constitute the unauthorized practice of law. *Id.* at 296. The court observed that "[i]t is clear that a title insurance company must be allowed to review public records and specify any curative work to be done before it will issue

6

a policy." *Id.* at 295. Although the decision did not involve an interpretation of Ala. Code § 6–5–574 and dealt with non-attorney agents, *Land Title* would seem to suggest that making decisions about the insurability of title and issuing commitments to insure does not involve the practice of law.

In *Upton v. Mississippi Valley Title Ins. Co.*, 469 So. 2d 548 (Ala. 1985), however, the Alabama Supreme Court emphasized the narrowness of *Land Title* and noted that a non-lawyer engages in the unauthorized practice of law when he renders a title opinion before issuing insurance. *Id.* at 556 (citing *Land Title* for the proposition that for a non-attorney to "undertake to render a title opinion on the property . . . would have amounted to the unauthorized practice of law"). Like *Land Title*, *Upton* did not involve an interpretation of Ala. Code § 6–5–574 and dealt only with non-attorney agents. But at the very least, *Upton*'s dictum suggests that one provides a legal service when he produces a formal, written opinion on the insurability of title.

Finally, in *Mississippi Valley Title Ins. Co. v. Hooper*, 707 So. 2d 209, 211 (Ala. 1997), the Alabama Supreme Court had occasion to interpret Ala. Code § 6–5–574 directly. The court found that a title insurance company's attorney agent provided a "legal service" within the meaning of Ala. Code § 6–5–574 when he wrote title opinions and acted on them to issue insurance policies. *Id.* at 215–16. In this case, Mississippi Valley sued one of its attorney agents for mistakes he

7

made when performing title searches and issuing insurance policies. *Id.* at 211. The trial court twice dismissed the suit on the grounds that the limitations period set forth in Ala. Code § 6–5–574 applied, and Mississippi Valley did not allege a breach of any duty apart from one that the attorney agent owed as a legal service provider. *Id.* at 211–12. The Alabama Supreme Court agreed, citing *Upton*. *Id.* at 215–16. Nowhere in its *Hooper* opinion did the court indicate that the attorney agent ever advised the title insurance company about the insurability of title. Rather, it appears that the attorney agent had simply decided to issue insurance based on a written title opinion that he had provided to himself. This, the court held, amounted to the provision of legal services, thus triggering the limitations period in Ala. Code § 6–5–574. *Id.* at 215–16.

A narrow reading of *Land Title*, *Upton*, and *Hooper* is that an attorney agent provides a legal service only when the legal opinion upon which he bases his decision to insure (or commit to insure) title is a formal, written one. In essence, this is the interpretation that the District Court adopted below and that Mississippi Valley urges this Court to adopt on appeal. A broader reading of the cases is that an attorney agent performs a legal service when he forms a legal opinion, whether written or unwritten, and insures or commits to insure title based on that opinion. This is the interpretation that Thompson urges this Court to adopt if it does not certify a question to the Alabama Supreme Court.

8

Both readings urged by the Parties are plausible, and neither the Parties' briefs nor our own research have yielded any other Alabama Supreme Court opinions that interpret the meaning of "legal service" in Ala. Code § 6–5–574. In addition, our research has revealed no other Alabama appellate decisions that interpret the meaning of "legal service" in Ala. Code § 6–5–574 in the title insurance context. In short, we can find no Alabama appellate decisions that directly speak to whether an attorney agent provides a legal service when he conducts a title search and then insures (or commits to insure) title based on an informal, unwritten opinion about the insurability of title.

## IV.  CERTIFIED QUESTION

"When substantial doubt exists about the answer to a material state law question upon which the case turns, a federal court should certify that question to the state supreme court in order to avoid making unnecessary state law guesses and to offer the state court the opportunity to explicate state law." *Forgione v. Dennis Pirtle Agency, Inc.*, 93 F.3d 758, 761 (11th Cir. 1996) (per curiam) (citation omitted). "Only through certification can federal courts get definitive answers to unsettled state law questions. Only a state supreme court can provide what we can be assured are 'correct' answers to state law questions, because a state's highest court is the one true and final arbiter of state law." *Id.* (internal quotation marks omitted). Because we find that the resolution of this appeal turns on a material,

9

unsettled state-law question, we believe that the best course of action is to wait until the final arbiter of Alabama law has spoken.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF ALABAMA PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE: We respectfully certify the following question TO THE SUPREME COURT OF ALABAMA AND THE HONORABLE JUSTICES THEREOF:

> **Is an attorney whom an insurance company hires as an attorney agent providing a "legal service" within the meaning of Ala. Code § 6–5–574 when he performs a title search, forms an unwritten opinion about the status of title, and then acts on that unwritten opinion by issuing a commitment to insure or an insurance policy?**

Our phrasing of the certified question does not restrict the Alabama Supreme Court's consideration of this case.  As the former Fifth Circuit has stated:

> [T]he particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problems involved and the issues as the Supreme Court perceives them to be in its analysis of the record certified in this case.  This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are to be given, whether as a comprehensive whole or in subordinate or even contingent parts.

*Martinez v. Rodriguez*, 394 F.2d 156, 159 n.6 (5th Cir. 1968) (citations omitted);

10

*see also Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981).

To assist the Alabama Supreme Court, we hereby order that the entire record in this case, together with copies of the Parties' briefs, be transmitted herewith.

**QUESTION CERTIFIED.**