MOORE, Judge.
U.S. Steel Mining Company, LLC (“the employer”), petitions this court to issue a writ of mandamus to the Bessemer Division of the Jefferson Circuit Court (“the trial court”) directing that court to set aside its order of May 28, 2014, granting a Rule 60(b), Ala. R. Civ. R, motion filed by counsel representing hundreds of plaintiffs (“the employees”) in a workers’ compensation case. We deny the petition.
On November 12, 2002, the employees filed a complaint against the employer seeking workers’ compensation benefits-; the action initiated by the filing of the complaint was assigned to Judge Dan C. King III. On January 12, 2004, Judge King stayed the action pending the completion of a third-party action initiated by the employees in the Tuscaloosa Circuit Court. After Judge King was removed from the bench, the workers’ compensation action was reassigned to Judge Eugene R. Verin, who, on February 15, 2013, dismissed the action, with prejudice, for “want of prosecution.” On April 10, 2014, counsel for the employees filed a motion for relief from the dismissal judgment. The action was reassigned to Judge Annetta H. Verin, who, after a hearing, entered an order on May 28, 2014, granting the motion for relief from the judgment. Subsequently, the employees moved to sever their individual claims, which the trial court granted on June 19, 2014.
The employer argues that the trial court exceeded its discretion in granting the motion for relief from the dismissal judgment. The order granting the Rule 60(b) motion is an interlocutory order that may be reviewed by way of a petition for a writ of mandamus. Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047 (Ala.1996).
“An aggrieved party seeking relief from an interlocutory order via a writ of mandamus must demonstrate: ‘(1) a clear legal right ... to the order sought; (2) an imperative duty upon the respondent [in this case the trial judge] to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989) (citing Barber v. Covington County Comm’n, 466 So.2d 945 (Ala.1985)). Clearly, [the employer] is entitled to a writ of mandamus if it can demonstrate that it was denied the benefit of a final judgment in its favor in the underlying action through the trial judge’s improper entry of an order purporting to grant [the employees’] Rule 60(b)[, Ala. R. Civ. P.,] motion for relief from the judgment.”
681 So.2d at 1049.
In their motion seeking Rule 60(b) relief, the employees asserted that they were entitled to relief from the judgment on two different grounds. First, the employees asserted that the judgment dismissing the case was void due to lack of due process. Second, the employees asserted that aggravating extraordinary circumstances required reinstatement of the case. We conclude that the first ground amply supports the trial court’s judgment, so we pretermit any discussion of the second ground.
The first ground asserted in the motion falls under Rule 60(b)(4), which allows a court to relieve a party from a final judgment because the judgment is void. A court may grant relief under Rule 60(b)(4) when the court that entered the judgment lacked jurisdiction of the parties, lacked jurisdiction of the subject matter, or entered the judgment in a manner in *1247 consistent with procedural due process. Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003). The employees asserted in their motion that the trial court acted inconsistently with due process by failing to provide them with notice and an opportunity to be heard before dismissing their action.
Under Rule 41(b), Ala. R. Civ. P., a court may act sua sponte to dismiss an action for lack of prosecution. See Smith v. Wilcox Cnty. Bd. of Educ., 365 So.2d 659 (Ala.1978). Like its federal counterpart, Alabama’s Rule 41(b) does not expressly require a court to provide notice and a hearing before dismissing an action. In Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the United States Supreme Court held that Rule 41(b), Fed.R.Civ.P., allows federal district courts to dismiss civil actions without a motion seeking that relief having been filed by a defendant. The Court observed that trial courts have the inherent power to invoke the sanction of dismissal in order to prevent undue delays in the disposition of pending cases and to avoid congestion in their calendars. The Court explained that, in exercising that power, due process does not necessarily require a court to provide a litigant notice of the possibility of a dismissal for lack of prosecution and to afford the litigant a hearing on the issue before acting. The Court explained that, when the circumstances are such that a party should know that dismissal is a potential consequence of his or her own conduct, a court may dismiss a case for lack of prosecution without prior notice and a hearing. 370 U.S. at 631-32. Our supreme court has cited Link numerous times as persuasive authority when interpreting Rule 41(b), Ala. R. Civ. P., which is practically identical to its federal counterpart. See, e.g., Gill v. Cobern, 36 So.3d 31 (Ala.2009); Mississippi Valley Title Ins. Co. v. Hooper, 707 So.2d 209 (Ala.1997); and Selby v. Money, 403 So.2d 218 (Ala.1981).
In Link, the plaintiff filed a complaint in a federal district court, asserting claims against a railroad company based on injuries he had received when his automobile collided with a train. Litigation ensued for the next six years, until the district court scheduled a pretrial conference for October 12, 1960. On the morning of the scheduled conference, the plaintiffs counsel notified the judge’s secretary that he could not attend the conference because of duties relating to another case and asked for a postponement. When plaintiffs counsel did not appear for the conference, the judge reviewed the history of the case, found that the plaintiffs counsel had no reasonable justification for missing the conference, and dismissed the case for failure to attend the conference and for lack of prosecution. 870 U.S. at 627-28. The United States Supreme Court concluded that the district court had acted within its discretion based on the record, which showed that the plaintiff “had been deliberately proceeding in dilatory fashion.” 370 U.S. at 633. The Court further held that the plaintiffs counsel had “received due notice of the scheduling of the pretrial conference, and cannot now be heard to say that he could not have foreseen the consequences of his owh default in attendance.” Id. at 636. The Court concluded that “[t]he circumstances ... were such as to dispense with the necessity for advance notice and hearing.” Id. at 632.
Since Link was decided in 1962, our supreme court has clarified the circumstances that will justify the sua sponte dismissal of a civil action. In Smith, supra, our supreme court held that “the plaintiffs conduct must mandate the dismissal.” 365 So.2d at 661. The court *1248 determined that, generally, a long period of inactivity will justify dismissal only when “coupled with some other act to warrant the severe penalty of dismissal.” Id. at 662. The court ultimately decided that, in the absence of a clear record of delay, contumacious conduct, or a serious showing of willful default, a trial court should not sua sponte dismiss an action for lack of prosecution. Id. at 661. Conversely, when the record clearly shows such misconduct on the part of the plaintiff, a trial court acts within its discretion in dismissing an action sua sponte. See, e.g., Ex parte Folmar Kenner, LLC, 43 So.3d 1234 (Ala.2009) (affirming dismissal of case due to party’s willful disobedience to court orders regarding the manner in which she was testifying).
As stated in Link, “[t]he adequacy of notice and hearing respecting proceedings that may affect a party’s rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct.” 370 U.S. at 632. Because the standard espoused by our supreme court in Smith has been consistently applied by the appellate courts of this state since 1978, it follows that a party should have constructive notice that misconduct of the type outlined in Smith can result in a sua sponte dismissal of a civil action. Accordingly, as held in Link, when a party commits such misconduct, due process does not require a trial court to afford that party additional notice and a hearing before imposing the sanction of dismissal. Such procedural safeguards would be required only when the record before the trial court does not affirmatively show that the plaintiff has committed such misconduct. In that event, the plaintiff would not have constructive notice of the possibility of a dismissal, and actual notice and a hearing would be the sole avenue by which the plaintiff could act to protect his or her interests before the entry of a judgment of dismissal. See generally Dimon v. Mansy, 198 W.Va. 40, 479 S.E.2d 339 (1996) (adopting rule that notice is required before entry of dismissal under West Virginia version of Rule 41(b) and citing numerous cases from other jurisdictions in accord with that view).
In this case, the materials provided to us by the parties show that, although the underlying action had been pending for more than 10 years without any activity, the action had been stayed in 2004 pending the outcome of a third-party action initiated in the Tuscaloosa Circuit Court. The materials do not reveal if, or when, that third-party action was resolved. In any event, in their motion, the employees’ counsel asserted, and the employer’s counsel did not refute, that the parties had not been notified by the trial court that the action had been removed from the administrative docket and placed back on the trial court’s active docket. The materials do not contain any motion seeking to lift or dissolve the stay or.any notice from the trial court of any such action. The materials further do not contain any orders from the trial court establishing any status or other conferences of which the failure to attend could have motivated the trial court to dismiss the action. Additionally, the materials do not reveal any misconduct on the part of the employees, and the employer does not allege that the employees committed any misconduct. Based on the materials provided to us, it appears that the trial court dismissed the case solely based on its age and the lack of any recent activity, without first soliciting any information from the parties as to the status of the action. In those circumstances, the trial court should have notified the parties of its intent to dismiss the action and afforded the parties a hearing to show *1249 good cause why the action should not be dismissed.
The trial court acted in a manner inconsistent with due process when it dismissed the action on its own motion without notice and a hearing, and, therefore, its order of dismissal was void. The trial court did not expressly grant the Rule 60(b) motion for that reason, but this court may nevertheless affirm its order on that alternative legal ground. See Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003) (subject to due-process constraints, appellate courts “will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court”). Accordingly, the employer does not have a clear legal right to a writ of mandamus and its petition is due to be denied.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., concurs specially.